# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

VINCENT D. WHITE, JR.,

      Petitioner,

v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 2:17-cv-325
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On January 8, 2018, the Magistrate Judge issued an *Order and Report and Recommendation* denying Petitioner's request for a stay and recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 13.) Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation*. (ECF No. 22.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 22) is **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 13) is **ADOPTED** and **AFFIRMED**. Petitioner's request for a stay (ECF No. 12) is **DENIED**. This action is hereby **DISMISSED**.

The Court **GRANTS** the certificate of appealability, in part.

Petitioner is serving a sentence of life without the possibility of parole for his convictions after a jury trial in the Franklin County Court of Common Pleas on one count of aggravated burglary, three counts of aggravated robbery, four counts of aggravated murder, two counts of attempted murder, two counts of felonious assault, and one count of having weapons while under disability. He asserts that he was denied the effective assistance of counsel (claim one); that he was denied a fair trial because the judge issued an improper jury instruction and that he was

denied the effective assistance of counsel because his attorney failed to object (claim two); that the trial court improperly instructed the jury on the State's theory of guilt and gave undue prominence to facts supporting the government's theory of guilt (claim three); that the trial court improperly issued extraordinary security measures, violating Petitioner's right to a fair trial by an impartial trial judge (claim four); and that he was denied the effective assistance of counsel based on his attorney's conflict of interest (claim five). Petitioner requested a stay pending exhaustion of the latter claim in state post-conviction proceedings. The Magistrate Judge denied Petitioner's request for a stay and recommended dismissal of Petitioner's claims as procedurally defaulted or without merit.

Petitioner objects to the Magistrate Judge's denial of his request for a stay. He states that he did not discover the factual basis for his claim of an alleged conflict on the part of trial counsel until the time of the filing of his direct appeal, and he therefore could not earlier have raised the claim in state post-conviction proceedings. Petitioner also objects to the Magistrate Judge's recommendation of dismissal of this claim on the merits. He again argues that the trial court had a duty to remove defense counsel from his representation of the Petitioner or obtain a waiver from the Petitioner. Petitioner maintains that he suffered prejudice as a result of his attorney's actual conflict of interest, because his attorney failed to investigate or develop a defense or to object when the State required Petitioner to establish his innocence of the charges against him. He likewise objects to the Magistrate Judge's recommendation of dismissal of claim three as without merit. Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted. He maintains that he presented all of his claims to the Ohio Supreme Court or could not do so, due to page limitations imposed under the Rules of Practice of the Ohio Supreme Court. Petitioner asserts, as cause for his procedural

default of claim two, that he was denied the effective assistance of trial counsel based on his attorney's failure to object. Petitioner submits that this failure also demonstrates that he was prejudiced by counsel's conflict of interest.

These objections are not well-taken. The record does not indicate that a stay is warranted. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) . The state trial court denied Petitioner's post-conviction petition as untimely. Moreover, Petitioner may now no longer file an appeal of that decision, as Ohio does not permit the filing of a delayed appeal in post-conviction proceedings. *See Inman v. Warden, Southeastern Correctional Institution*, No. 2:12-cv-950, 2014 WL 1608390, at *6-7 (S.D. Ohio April 22, 2014) (citing *State v. Nichols*, 11 Ohio St.3d 40, 43 (Ohio 1984)) (other citations omitted). Therefore, a stay would not assist the Petitioner. Additionally, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner waived his allegations in claims one and four because he did not present them to the Ohio Supreme Court, where he raised only two propositions of law. He did not present any of his underlying claims of ineffective assistance of trial counsel or his claim that he was denied a fair trial and the right to an impartial judge in the Ohio Supreme Court. Page limitations did not prevent him from so doing. Petitioner waived claim two by failing to object to the trial court's jury instruction. The appellate court therefore reviewed the claim for plain error only. Further, the denial of the effective assistance of trial counsel cannot constitute cause for this procedural default, because Petitioner did not present this claim to the Ohio courts. *See Johnson v. Turner*, No. 2:14-cv-01908, 2017 WL 2633188, at *2 (S.D. Ohio June 19, 2017) (constitutionally ineffective counsel may constitute cause to excuse a procedural default, if it has been presented to the state courts) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000)). Further, the appellate court indicated, that "both this court and the Supreme Court of Ohio have

previously found that nearly identical instructions were not so improper as to require reversal[.]" *State v. White*, No. 14AP-160, 2015 WL 9393518, at *4 (Ohio App. 10th Dist. Dec. 22, 2015), *appeal not allowed*, 49 N.E.3d 321 (Ohio 2016). Therefore, the Court is not persuaded that counsel's failure to object supports Petitioner's claim of prejudice.

Finally, and for the reasons already discussed in the Magistrate Judge's Report and Recommendation, this Court likewise remains unpersuaded that either of Petitioner's remaining claims provide him a basis for relief, particularly under the deferential standard of review required under the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2254(d). Although Petitioner complains that the trial court failed to conduct any inquiry into his attorney's conflict of interest or obtain a waiver from the Petitioner, the Supreme Court has rejected the argument that a trial court's failure to inquire into a conflict of interest compels automatic reversal. *Moss v. United States*, 323 F.3d 445, 471 (6th Cir.) (citing *Mickens v. Taylor,* 535 U.S. 162, 176 (2002)), *cert. denied*, 540 U.S. 879 (2003). "As Justice Kennedy clarified in his concurring opinion, '[t]he constitutional question must turn on whether trial counsel had a conflict of interest that hampered the representation, not on whether the trial judge should have been more assiduous in taking prophylactic measures.'" *United States v. Beasley*, 27 F. Supp. 3d 793, 809 (E.D. Mich. June 12, 2014) (citing *Mickens*, 535 U.S. at 179 (Kennedy, J. concurring)), *aff'd*, 700 F. App'x 394 (6th Cir.), *cert. denied*, 138 S. Ct. 285 (2017). Here, Petitioner has failed to establish that any purported conflict of interest adversely affected his attorney's performance.

For all of the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Order and Report and Recommendation*, Petitioner's *Objection* (ECF No. 22) is **OVERRULED.**

The *Order and Report and Recommendation* (ECF No. 13) is **ADOPTED** and **AFFIRMED**. Petitioner's request for a stay (ECF No. 12) is **DENIED**. This action is **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*.

at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate whether Petitioner's claims should have been resolved differently or whether this Court was correct in its procedural rulings, except as to Petitioner's claim that he was denied the effective assistance of counsel based on his attorney's conflict of interest.

The Court certifies the following issue for appeal:

> Was the Petitioner denied the effective assistance of counsel based on his attorney's conflict of interest and the trial court's failure to conduct any inquiry on the issue?

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

Date: March 12, 2018

                                                s/James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge