# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

VINCENT D. WHITE, JR.,

        Petitioner,     :     Case No. 2:17-cv-325

  - vs -                          District Judge James L. Graham
                                      Magistrate Judge Michael R. Merz

WARDEN, Ross
   Correctional Institution,

                               :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on remand from the Sixth Circuit. *White v. Warden,* 940 F.3d 270 (6th Cir. 2019). The undersigned filed a Report and Recommendations on the remanded issue on March 8, 2021 (ECF No. 62). Petitioner, who is represented by the same counsel who represented him before the Sixth Circuit, has filed Objections (ECF Nos. 63 and 64) and Judge Graham has recommitted the case for reconsideration in light of the Objections (ECF No. 65). Respondent has neither objected to the Report nor responded to Petitioner's Objections, and the Warden's time for doing so has expired.

**Scope of the Remand**

Petitioner Vincent White is serving a sentence of life imprisonment without parole for killing two men during a drug robbery on July 29, 2012 (Indictment, State Court Record, ECF No. 11-1, Ex. 1, PageID 109; Judgment, *Id.* at Ex. 5).

After exhausting state court remedies, White filed his original Petition in this Court *pro se*, pleading four grounds for relief (Petition, ECF No. 3). Before the State had answered, White added a fifth ground by amendment (ECF No. 7)[1]. In March 2018, District Judge Graham dismissed all five grounds, but granted a certificate of appealability on Ground Five (ECF Nos. 23, 24). The Sixth Circuit expressly refused to expand the certificate of appealability to any of White's other claims (*White v. Warden*, Case No. 18-3277, Order of July 16, 2018)(unreported; copy at ECF No. 35). Thus only Ground Five was before the Court of Appeals and only Ground Five was remanded to this Court.

Nevertheless, White objects:

> By focusing his recommendation on Claim 5, unfortunately, the magistrate fails to properly address Claim 1 of Mr. White's petition, his conflict-of-interest claim. Cf. R. 1-1, Petition at PageID 8. In that claim, filed *pro se*, Mr. White specifically objected to "the Actual Conflict of Interest Trial Counsel Had In this Case." *Id*.

(Objections, ECF No. 1868). But Ground/Claim 1 is not before this Court. It was dismissed with prejudice by Judge Graham and the Sixth Circuit refused a certificate of appealability. See *White*, 970 F.3d at 279, particularly notes 2 and 4, explaining that White made multiple ineffective

---

[1] White lied to this Court in his Amendment: he claimed he did not know about Armengau's indictment, but now in his post-appeal Stipulation admits that Armengau told him when the indictment was handed down (Stipulation, ECF No. 55-1, PageID 1751).

2

assistance of trial counsel claims, but limiting its own use of that phrase to the sole claim before the circuit court.

Because the remand is limited to Ground Five, White's objection that the Report did not analyze Ground 1 should be overruled.

**Merits of Ground Five**

The Sixth Circuit remanded Ground Five for *de novo* consideration because the Ohio courts had not decided this claim on the merits. This Court was directed to consider "whether [White] is entitled to an evidentiary hearing in order to supplement the record." 940 F.3d at 279. After remand Magistrate Judge Vascura granted cross-motions for an evidentiary hearing and Respondent's Motion to Supplement the Record (ECF No. 54), but canceled the hearing after the parties agreed to a Stipulation (ECF No. 55-1). Thus the factual record for decision of Ground Five consists of the Stipulation and the supplemental materials filed by Respondent.

From this evidence, the Magistrate Judge finds the following facts[2]:

White retained Attorney Javier Armengau to represent him on October 18, 2012, and Armengau continued that representation through sentencing (Stipulation, ECF No. 55-1, PageID 1751). Armengau never represented any other defendant in the case. *Id.*

Armengau himself became a defendant in a criminal case on April 4, 2013, when he was charged with a number of counts of felonious sexual misconduct. *Id.* Shortly thereafter Armengau was indicted on these charges in Franklin County, Ohio, the same county where the charges against White were pending, and disclosed the charges to White. *Id.* The parties have further stipulated

---

[2] The reader is reminded that Ground Five was remanded for *de novo* consideration, requiring this Court to find the facts, rather than determining whether state court factual findings are reasonable under 28 U.S.C. § 2254(d)(2).

that, knowing these facts, "Mr. White kept the attorney-client relationship with Mr. Armengau because Mr. Armengau was an aggressive defense counsel and because Mr. Armengau's fee had already been paid." (ECF No. 55-1, PageID 1751-52).

After White was convicted, his new appellate attorney told him he had an arguable conflict-of-interest claim and indeed counsel raised that claim as the First Assignment of Error on Appeal[3]. The Tenth District Court of Appeals declined to decide this issue on the merits because it depended on facts that were not in the appellate record. *State v. White,* 2015-Ohio-5365 ¶ 11 (Ohio App. 10th Dist. Dec. 22, 2015). In Ohio the proper method for raising a constitutional claim which depends on evidence outside the appellate record is by filing a petition for post-conviction relief under Ohio Revised Code § 2953.21. However the Sixth Circuit found on appeal in this case that the statute of limitations for a post-conviction petition expired four months before the Tenth District rendered its decision. *White v. Warden*, 940 F.3d 270, 273, 278 (6th Cir. 2019). When White finally attempted a post-conviction petition two years later, it was dismissed as untimely. *Id.*

White told the Sixth Circuit, falsely, that "he did not learn about Armengau's indictment until he began assembling his case for direct appeal." 940 F.3d at 273. However, by virtue of the parties' Stipulation, the Magistrate Judge finds that Armengau told White of his indictment shortly after it occurred[4]. Not knowing this fact, but noting White had not had the assistance of counsel in post-conviction, the Sixth Circuit held that his procedural default in not raising his conflict of interest/ineffective assistance of trial counsel claim in the Ohio courts was excused. 940 F.3d at

---

[3] The Sixth Circuit found that appellate counsel's advice to White that there was a sufficient record for deciding the conflict of interest issue was "incorrect" and probably misled White into not filing a post-conviction petition until it was too late. 940 F.3d at 277.

[4] By stipulating that he knew of Armengau's indictment, White saved himself the embarrassment of being confronted in open court with the content of numerous calls he made from the Franklin County Jail in which he evinced knowledge of Armengau's criminal problems (See ECF No. 44-1).

4

278, applying to Ohio for the first time the Supreme Court's decision in *Trevino v. Thaler*, 569 U.S. 413 (2013).

The gravamen of White's claim is that Attorney Armengau's indictment created a conflict of interest with White that requires granting the writ without any proof White was prejudiced. He argues the conflict created a structural error not subject to harmless error analysis (Petitioner's Brief, ECF No. 57, PageID 1760, citing *Glasser v. United States*, 315 U.S. 60 (1942), and *United States v. Cronic,* 466 U.S. 648 (1984)). He further relies on *Holloway v. Arkansas*, 435 U.S. 475 (1978), for the proposition that a defendant need not show he was prejudiced by this sort of conflict. *Id.* at PageID 1763.

The Report found that the class of structural errors recognized by the Supreme Court is very narrow (ECF No. 62, PageID 1857). One such structural error is denial of counsel at any critical stage of criminal proceedings. *Id.* at PageID 1858, citing *United States v. Cronic,* 466 U.S. 648, 659 (1984). White was in fact represented by Aremengau, the attorney of his choice, at every stage of the proceedings until appeal.

The Report noted that where an attorney actively represents conflicting interests, prejudice is presumed and need not be proved (Report, ECF No. 62, PageID 1858, citing *Cuyler v. Sullivan,* 446 U.S. 335 (1980), and *Thomas v. Foltz*, 818 F.2d 476 (6th Cir. 1987). However, the presumed prejudice standard of *Cuyler* is met only when the conflict is due to multiple concurrent representations. *Id.* citing M*ickens v. Taylor*, 535 U.S. 16 (2002). The Report distinguished authorities relied on by White, concluded "White has not shown any adverse impact on Armengau's representation arising from the potential conflicts White raises," and recommended dismissal (ECF No. 62, PageID 1861-62).

White relied heavily on the plurality opinion in *United States v. DeFalco*, 644 F.2d 132

(3rd Cir. 1979), where, applying a totality of the circumstances test, the court remanded an indicted defense attorney conflict of interest claim "for a hearing on whether DeFalco knew of his lawyer's indictment and nonetheless acquiesced in the representation." 644 F.2d at 136-37.  The Report distinguished *DeFalco* because (1) White knew of Armengau's indictment and kept him anyway, (2) DeFalco and his attorney were prosecuted by the same prosecutor whereas White and Armengau were prosecuted by different offices; and (3) DeFalco and his attorney were prosecuted before the same judge whereas White and Armengau were before different judges (ECF No. 62, PageID 1859-60).  In other words, the "totality of the circumstances" in *DeFalco* is different from the circumstances here.

White strenuously objects, twice calling the Report's conclusions "absurd" (Objections, ECF No. 64, PageID 1871).  White's counsel summarizes his Objections thus:  "The magistrate's fundamental error was in requiring Mr. White to demonstrate prejudice flowing from Armengau's conflict, in direct contravention of the Supreme Court's decisions in *Glasser [v. United States*, 315 U.S. 60 (1942)], and *Holloway [v. Arkansas*, 435 U.S. 475 (1978)]". (Objections, ECF No. 64, PageID 1866).

In *Glasser* the trial judge on the day of trial appointed the attorney for one defendant to represent a second defendant, over the attorney's protest.  It is true the Supreme Court declined to assess whether the defendant was prejudiced, but it did not purport to create a general rule that prejudice need never be shown in such a case.  It did not employ "structural" error as an analytical concept.  *Glasser* was a case of concurrent representation of two defendants, not an indicted defense counsel situation.  And it was forty-two years before adoption of the contemporary governing standard for ineffective assistance of counsel claims in *Strickland v. Washington,* 466 U.S. 668 (1984).

6

*Holloway*, which is also pre-*Strickland*, also involved concurrent representation of three co-defendants over the protest of counsel that there were conflicts of interest among them. The Court found reversal was automatic because counsel had protested the conflicts and the trial judge had not inquired into the potential conflicts. Again there is no finding of "structural" error and a clear implication the trial judge should have inquired into whether the conflicts were actual or not.

In *United States v. Cronic,* 466 U.S. 648[5] (1984), the Supreme Court overturned a grant of the writ by the Eleventh Circuit on ineffective assistance of trial counsel grounds. The Objections cite *Cronic* for the proposition that prejudice need not be shown in conflict-of-interest cases (ECF No. 64, PageID 1867). The Objections quote the Supreme Court as saying in that case "There are . . . circumstances that are so likely to prejudice the accused that the cost of *Id.*, quoting 466 U.S. at 658. But *Cronic* is not in any way a conflict of interest case. While the quotation is accurate, conflict of interest is not one of the cases in which the Court held prejudice did not have to be shown. Justice Stevens adverted to the notorious case of *Powell v. Alabama,* 287 U.S. 45 (1932), where nine young black men were put on trial for rape within minutes of appointment of counsel to represent all of them. In *Cronic* itself the Court examined whether there was any prejudice and found none.

The Objections also claim *Mickens v. Taylor*, 535 U.S. 162 (2002), requires automatic reversal where there is concurrent representation of conflicting interests (ECF No. 64, PageID 1868). Not so. In *Mickens* the Supreme Court held the defendant was indeed required to show the conflict of interest adversely affected counsel's performance.

White's counsel attempts to shift the burden of presenting persuasive authority to the Magistrate Judge by saying:

---

[5] The Objections at PageID 1867 cite *Cronic* as appearing at 448 U.S. **668**, which is actually the correct citation for *Strickland*.

7

> the magistrate provides no citation -- no case, no treatise, no law-review article -- supporting the proposition that a criminal-defense lawyer, facing charges as serious as rape and kidnapping, does not labor under a conflict of interest. None exists because the proposition is so absurd.

(Objections, ECF No. 64, PageID 1871). But the burden of persuading the Court he is entitled to relief is on White and he presents no authority holding that any time an indicted attorney continues to represent a defendant who, knowing of the indictment, wants the attorney to remain on the case, the defendant is automatically entitled to a new trial without showing he was prejudiced by the conflict. The remand for *de novo* consideration of Ground Five is not an invitation for this Court to create new law, to wit, by adopting the proposition that White's situation involves ineffective assistance of trial counsel without proof of prejudice as required by *Strickland*.

**Conclusion**

The Objections are without merit and should be overruled. The Magistrate Judge again respectfully recommends Ground Five be dismissed with prejudice. A certificate of appealability should be granted for the same reasons given in the original Report.

April 8, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #